Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2454 | **DATE** | November 2, 2004 |
| **CASE TITLE** | *Conrad Black v. Hollinger International, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court GRANTS Defendant Hollinger International's Motion to Dismiss [20-1] and dismisses this action without prejudice, with leave to refile any claims herein as counterclaims in <u>Hollinger International, Inc. v. Hollinger, Inc. et al.</u>, Case No. 04 C 0698.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 3 - 2004 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CONRAD BLACK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> HOLLINGER INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | Hon. Blanche M. Manning <br><br> Case No. 04 C 2454 |

DOCKETED
NOV 3 - 2004

## MEMORANDUM AND ORDER

Plaintiff Conrad Black ("Black") brought this diversity action ("the Black Action") against Defendant Hollinger, International ("International") seeking specific performance and damages for stock options he was awarded while an officer and director of International, which International now refuses to honor. The present matter comes before this Court on International's Motion to Dismiss, Or, In The Alternative, To Consolidate With A Related Case [20-1]. For the Reasons set forth below, this Court GRANTS this motion and dismisses the Black Action without prejudice, with leave to refile the causes of action as counterclaims in Hollinger International, Inc. v. Hollinger, Inc. et al., Case No. 04 C 0698 ("the Hollinger Action"), which is currently pending before this Court.

35

# BACKGROUND[1]

Both the Black Action and the Hollinger Action stem from Black's former positions at International – CEO, chairman, and director. Although a publicly traded company, International was until recently controlled by Hollinger Inc. ("Inc.") which owns 30.3% of its equity and 72.8% of its voting rights. Inc., in turned, is controlled by Black.

In January of 2004, International brought the Hollinger Action alleging that Black and other individual and corporate defendants allegedly used their positions as officers, directors, and controlling shareholders of International to "loot" over $380 million from the company. In its First Amended Complaint, International alleged violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1962 and 1964 ("RICO"), and state law claims for breach of fiduciary duty, unjust enrichment, and civil conspiracy.[2] As part of its damages, International seeks recovery of "all compensation" Black received during the "period [he] was breaching his fiduciary duties." (First Am. Compl. at ¶ 39.)

Three months after the filing of the Hollinger Action, Black brought the Black Action, alleging that International improperly refused to allow Black to exercise stock options which he received during his tenure as an officer and director of Intentional. Black seeks either specific performance of these options and/or damages for International's refusal to honor its contractual obligations under various option agreements. According to Black, International refuses to honor

---

[1] The facts in the Background section are derived from the Complaint in the Black Action and the Amended Complaint in the Hollinger Action and the documents referenced therein and attached to the complaints. Because the overall facts surrounding this case have been outlined in other opinions, this Court will only discuss the facts relevant to this motion.

[2] On October 8, 2004, this Court dismissed the RICO claims. With leave of this Court, International intends to file a Second Amended Complaint alleging state law claims and asserting diversity jurisdiction.

2

the option awards because it alleges that Black breached his fiduciary and loyalty duties by looting or facilitating the looting of International's assets.

## DISCUSSION

International has moved to: (1) dismiss the Black Action with leave to refile all causes of action as counterclaims in the Hollinger Action, pursuant to Federal Rule of Civil Procedure 13(a); or (2) consolidate the two actions, pursuant to Rule 42(a).

Generally, a party may not bring suit on a claim which should have been pled as a compulsory counterclaim in a prior action. 6 Wright & Miller's Fed. Prac. & Proc. Civ., 2d §1418 (2004). The purpose of this rule is to "prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Southern Const. Co. v. Pickard, 371 U.S. 57, 60 (1962). To be a compulsory counterclaim, "Rule 13(a) requires that the claim (1) exist at the time of pleading, (2) arise out of the same transaction or occurrence as the opposing party's claim, and (3) not require for adjudication parties over whom the court may not acquire jurisdiction." Burlington Northern R. Co. v. Strong, 907 F.2d 707, 710-11 (7th Cir. 1990). Here, the only disputed element is whether the breach of fiduciary claims in the Hollinger Action arose out of the same transaction/occurrence as Black's claims that International improperly refused to allow him to exercise his options.

In interpreting Rule 13(a)'s "same transaction or occurrence" requirement, the Seventh Circuit in Strong, 907 F.2d at 711, developed a "logical relationship" test. The court noted that:

> [c]ourts generally have agreed that the words 'transaction or occurrence' should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a) . . . . As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship*. . . . [A] counterclaim that

3

> has its roots in separate transaction or occurrence is permissive and is governed by Rule 13(b).

Id. (emphasis in original). Despite this "liberal construction," however, the court stated that all factual allegations underlying each claim must be carefully examined to determine if the logical relationship test is met. Id. In determining whether claims are logically related, a court should consider "the totality of the claims, including the nature of the claims, legal basis for recovery, the law involved and the respective factual backgrounds." Id. Where a court finds that the claims set forth in a later filed action should have been brought as compulsory counterclaims in a prior action, the court may dismiss the later filed action without prejudice with leave to refile the claims as counterclaims in the first action. Adam v. Jacobs, 950 F.2d 89, 93-94 (2d Cir. 1991); 6 Wright & Miller's Fed. Prac. & Proc. Civ., 2d §1418.

In addition to Rule 13(a), two actions may be consolidated under Rule 42(a), which provides, in pertinent part, that:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning the proceedings therein as may tend to avoid unnecessary costs or delay.

In applying this rule, courts stress that the purpose of joining actions is to promote convenience and judicial economy. Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-497 (1973). Rule 42 is designed to encourage consolidation where common questions of law or fact are present. 9 Wright & Miller's Fed. Prac. and Proc. Civ., 2d § 2383.

Here, the issue in dispute concerning both Rule 13(a) and Rule 42(a) is whether the Court in determining if Black is entitled to his options in the Black Action will need to determine if Black breached his fiduciary duty to International – the main issue in the Hollinger Action. To

4

resolve this issue, the Court will examine the law governing forfeiture of options and the specific language in the agreements granting Black the options at issue.

Under Illinois law, it is well established that "employees who breach their fiduciary duties are required to forfeit all compensation received during the period of the breach." Archer Daniels Midland Co. v. Whitacre, 60 F. Supp. 2d 819, 824 (C.D. Ill. 1999). Unless specified otherwise in the option agreements, id., stock options to corporate officers and directors are construed as "a form of compensation for services rendered, a substitute for cash with the benefit of linking the employees' welfare to the success of the firm." See Ordower v. Office of Thrift Supervision, 999 F.2d 1183, 1186 (7th Cir. 1993). Like other employment agreements, courts hold that a duty of good faith and loyalty are implied in option agreements. See Joseph v. Wilson, 372 N.E.2d 1110, 1114 (Ill. App. Ct. 1978); Shipman v. Gen. Transistor Corp., 198 N.Y.S.2d 852, 854 (N.Y. Sup. Ct. 1960).

In Archer Daniels Midland Co., 60 F. Supp. 2d at 824-25, an employer sought disgorgement of compensation paid to a former employee who breached his fiduciary duty. The employee counterclaimed alleging that the employer breached three stock option agreements when it failed to allow him to exercise the options. Id. at 832. Although the court ordered the employee to forfeit all compensation paid to him during the time he breached his fiduciary duty, it denied the employer's motion for summary judgment on the employee's counterclaim. Id. In moving for summary judgment, the employer contended that the former employee forfeited his right to exercise the options because he breached his fiduciary duty. Id. In rejecting this contention, the court carefully examined the language of the option agreements, which stated that the employer "irrevocably grants" the options to the employee "as a mater of separate

5

agreement, and not in lieu of salary or other compensation for services." Id. Based on this language, the court found that even though the employee breached his fiduciary duty, "a genuine issue of material fact exists regarding whether [the employer] breached the stock option agreements." Id.

Here, contrary to the above decision, the applicable stock option agreements do not state that they are "irrevocable" or "not in lieu of salary." In fact, the agreements state that the purpose of awarding options is to attract, retain and motivate International's officers. (Black Action Compl. Ex. A, at ¶ 1.) Based on the law and the language of the applicable option agreements, this Court finds that in determining if Black is entitled to his options it will need to determine if Black breached his fiduciary duty to International. Accordingly, after examining the nature of the claims and the basis of recovery, this Court holds that the claims in the Black Action and the Hollinger Action are "logically related," and thus, Black's claims are compulsory counterclaims which should have been brought in the Hollinger Action.

## CONCLUSION

For the reasons discussed, the Court GRANTS Defendant Hollinger International's Motion to Dismiss [20-1] and dismisses this action without prejudice, with leave to refile any claims herein as counterclaims in <u>Hollinger International, Inc. v. Hollinger, Inc. et al.</u>, Case No. 04 C 0698.

ENTER:

_____
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 11-2-04